UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYSHEMA R. FLOWERS,

    Plaintiff,

v.                                               Case No. 8:18-cv-2580-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

# **O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

The Plaintiff was born in 1975, has a high school equivalency education, and has past relevant work experience as a hair stylist, nursing assistant, and security officer. (R. 179, 184). In November 2014, the Plaintiff applied for DIB and SSI,

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this suit.

alleging disability as of July 20, 2013, due to spinal degeneration, a bulging disc, and pain in her back, neck, shoulders, knees, hands, and feet. (R. 149-51, 159-62, 179, 183). The Social Security Administration (SSA) denied her applications both initially and on reconsideration. (R. 74-76).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on December 21, 2016. (R. 693-718). The Plaintiff was represented by counsel at that hearing and testified on her own behalf. (R. 693-713). A vocational expert (VE) also testified. (R. 714-17). At the close of the hearing, the ALJ advised that he wished to obtain additional information from one of the Plaintiff's doctors before proceeding further. (R. 717).

The ALJ subsequently convened a supplemental hearing on November 1, 2017. (R. 679-92). The Plaintiff was represented by the same counsel at that hearing and again testified. (R. 682-87). A different VE also testified. (R. 683-84, 688-92).

In a decision dated January 24, 2018, the ALJ found that the Plaintiff: (1) met the requirements for insured status through June 30, 2016, and had not engaged in substantial gainful activity since her alleged onset date of July 20, 2013; (2) had the severe impairments of synovitis, tendinopathy, neuroma, osteoarthritis, tenosynovitis, polyarthralgia, obesity, lumbago, sciatica, stenosis, arthralgia, hammer toe, adjustment disorder, bipolar disorder, social phobia, impingement syndrome, Baxter's neuropathy, plantar fasciitis, trigger finger, sinus tarsi syndrome, carpal tunnel syndrome, marble bone syndrome, degenerative joint disease, partial rotator cuff tear, lumbar sprain or strain, and chronic tear of the anterior talofibular ligament; (3) did

not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to conduct a limited range of sedentary work; and (5) based on the VE's testimony, could not engage in her past relevant work but was capable of performing an alternative job—namely, surveillance system monitor—that existed in significant numbers in the national economy. (R. 21-30). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 30).

The Appeals Council denied the Plaintiff's request for review. (R. 7-9). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r*

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

*of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

The Plaintiff claims on appeal that the ALJ failed to properly: (1) weigh and discuss probative evidence concerning her degenerative joint complaints; (2) assess the opinion of one of her treating physicians; (3) analyze her ability to perform other work; and (4) evaluate her subjective complaints of pain. (Doc. 18). Upon a thorough review of the record and the parties' submissions, the Court is constrained to conclude that the Plaintiff's third claim of error has merit given the particular circumstances of this case, and that remand is therefore warranted.

A.

As noted above, at step five of the sequential evaluation process, the burden of proof temporarily shifts to the Commissioner "to show that 'there is other work

5

available in significant numbers in the national economy that the claimant is able to perform'" despite her impairments. *Sampson*, 694 F. App'x at 734 (quoting *Jones*, 190 F.3d at 1228); *see also* 20 C.F.R. §§ 404.1560(c), 416.960(c) ("[T]o support a finding that you are not disabled at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do . . . ."); 20 C.F.R. §§ 404.1566(b), 415.966(b) (stating that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.").

To carry this burden, the Commissioner may "take administrative notice of reliable job information available from various governmental and other publications," including the Dictionary of Occupational Titles (DOT) and other sources set forth in the Regulations. 20 C.F.R. §§ 404.1566(d), 416.966(d). The Regulations also permit the Commissioner to predicate his decision at step five on information supplied by a VE. *Id*. at §§ 404.1566(e), 416.966(e); *Phillips*, 357 F.3d at 1240. "A [VE] is an expert on the kinds of jobs an individual can perform based on . . . her capacity and impairments." *Phillips*, 357 F.3d at 1240.

"When the ALJ uses a [VE], the ALJ will pose hypothetical question(s) to the [VE] to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Id.* In rendering this opinion, "a VE may rely on his knowledge and

6

expertise without producing detailed reports or statistics in support of his testimony." *Griffin v. Comm'r of Soc. Sec.*, 2018 WL 3352929, at *10 (M.D. Fla. June 20, 2018) (citing *Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010); *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012)), *report and recommendation adopted*, 2018 WL 3344535 (M.D. Fla. July 9, 2018). An ALJ may, in turn, base his step-five determination solely on the VE's testimony. *Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 555 (11th Cir. 2019) (per curiam) (citation omitted).

At issue in this case is the VE's testimony at the November 1, 2017, supplemental hearing. As alluded to above, the VE opined at that proceeding that an individual with the Plaintiff's age, education, experience, and RFC would be able to perform the job of surveillance system monitor. (R. 689). The VE also testified that there were approximately 27,000 such positions in the national economy. *Id.*

On cross-examination, Plaintiff's counsel engaged in the following colloquy with the VE with respect to the availability of this position at the time of the Plaintiff's alleged onset date in 2013:

> ATTY: Now, the onset date here is back in 2013, I believe it is. The number of jobs that you stated for this surveillance monitor, would that apply for say four years ago?
>
> VE: I update my figures monthly if I have - if the new information that comes out from the Department of Labor would indicate so. But, every year during Christmas vacation is when I go through and do a thorough update, so I can tell you that these numbers are as of December 2016. I'm sorry, December 2015.

> ATTY: But you couldn't say what it would have been in December 2013?
>
> VE: No, sir, I can't.

(R. 691-92). Neither Plaintiff's counsel nor the ALJ asked the VE any follow-up questions, and the hearing then concluded. (R. 692).

The Plaintiff now argues that the VE's testimony does not constitute substantial evidence on which the ALJ could rely because the VE testified only to the availability of the surveillance system monitor position as of December 2015 and was unable to opine about the availability of that job, if any, as of December 2013. In essence, the Plaintiff argues that the Commissioner, via vocational testimony, must demonstrate the availability of work in significant numbers during the entire relevant period—i.e., from the Plaintiff's alleged onset date through the ALJ's decision. (Doc. 18 at 20-21).

In support of this argument, the Plaintiff cites *Hensley v. Colvin*, 89 F. Supp. 3d 1323 (M.D. Fla. 2015). In that case, the court found that it was unclear whether the VE's testimony constituted substantial evidence because the VE himself "voiced reservations regarding his ability to accurately assess the number of jobs available to Plaintiff *during the relevant period*." *Id*. at 1331 (emphasis added). Although the Commissioner is correct that *Hensley* is distinguishable because it involved a closed period twenty years prior to the hearing, *id.* at 1330-31, the court's finding in that case buttresses the Plaintiff's position that the pertinent inquiry is not limited solely to the number of jobs available at the time of the hearing.

A similar view was expressed in *Belge v. Astrue*, 2010 WL 3824156 (M.D. Fla. Sept. 27, 2010). At issue in that case was not a closed period of disability but rather a DIB claimant with an alleged onset date in 1998, a date last insured at the end in 2003, and an ALJ hearing held in 2008. *Belge*, 2010 WL 3824156, at *1. At the hearing in 2008, the VE testified to the numbers of jobs available at the time of that proceeding, and, upon questioning, provided an estimated jobs figure for 1998 by reducing the 2008 number by one-third. *Id.* at 10. The district court reversed the matter on appeal, finding that "[t]he problem was that the VE did not have a complete grasp on the 1998 statistics with regard to the number of jobs in the national economy." *Id.* The court accordingly remanded the case to determine the basis for the VE's estimate of the jobs available in 1998 and a determination of whether that basis was reliable. *Id.*

In response to this case authority and the Plaintiff's argument, the Commissioner counters that the law only requires a showing that a significant number of jobs exist at the time the ALJ is evaluating a claimant's application—i.e., at the time of the hearing—and not for the entire duration of a claimant's alleged disability. In particular, the Commissioner asserts that the applicable regulations—20 C.F.R. §§ 404.1560(c) and 416.1560(c)—use present tense verbiage to signify that a significant number of jobs must exist solely on the hearing date. The Commissioner also maintains that "courts have consistently interpreted the regulation[s]" in this manner. (Doc. 18 at 21-23).

After careful consideration of the parties' competing arguments, the Court is unable to conclude that the VE's testimony constituted substantial evidence on which

the ALJ could rely. The Court reaches this result regardless of whether the Plaintiff's or the Commissioner's position is correct.

The Court begins by noting that it finds *Hensley* and *Belge* persuasive, although it does not read either case as imposing a requirement that the VE separately identify the number of jobs available for each year during the relevant period. Applying the reasoning of those two decisions here, the Court is obliged to remand the matter given the lack of clarity as to whether the surveillance monitor position existed in significant numbers during the pertinent time frame. The VE testified unequivocally in this regard that he could only provide (at least at the time of the hearing) the number of surveillance system monitor positions available in 2015, not in 2013. (R. 692). While it may be that the number of positions were the same in 2013 as in 2015, the ALJ did not inquire further about the matter and it is not within the province of the Court to speculate about the merits of such a determination absent support in the record. As it stands now, there is no evidence in the record, substantial or otherwise, to substantiate the VE's testimony for the period prior to 2015.

The court's decision in *Davis v. Astrue*, 647 F. Supp. 2d 598 (E.D. N.C. 2009), upon which the Commissioner principally relies, does not dictate a contrary conclusion.[4] In *Davis*, the claimant had an initial hearing before an ALJ in 2004, and a supplemental hearing before another ALJ in 2006. *Id.* at 601. The ALJ who presided

---

[4] The Commissioner also cites *Patricia T. v. Berryhill*, 2019 WL 1331732, at *3 (D. Ore. Mar. 25, 2019), and *Alexander v. Colvin*, 2015 WL 2151883, at *7 (D. Neb. May 7, 2015). (Doc. 18 at 22). Those cases, however, are based exclusively on *Davis*.

10

over the second hearing based his step-five determination in part on testimony from the first hearing that there were a significant number of jobs that the claimant could perform. *Id.* at 601-02. Without citing any authority, the *Davis* court opined that a VE's "testimony is only relevant to an ALJ's inquiry if it reflects the number of jobs in existence at the time of the hearing." *Id.* at 602. Based on that reasoning, the court reversed and remanded the case, concluding that the evidence on which the ALJ relied was not relevant and thus the Commissioner failed to carry his burden at step five. *Id.*

Even were the Court to accept the analysis in *Davis* here, it is still unable to find that the VE's testimony constituted substantial evidence on which the ALJ could rely. This is because, much like it is unclear from the VE's testimony whether there were a significant number of surveillance monitor positions prior to 2015, it is also unclear from the VE's testimony whether there were a significant number of such positions at the time of the hearing. As noted above, the hearing was in November 2017, yet the VE testified that his numbers were current only as of December 2015. As such, the VE's numbers were almost two years old.

Recognizing this deficiency, the Commissioner attempts to overcome it by arguing:

> [I]t *appears* the VE's job numbers encompassed the most current numbers available given the VE's testimony about updating his job figures monthly when possible, and yearly when not. Taken as a whole, it is reasonable to find that the VE's numbers for the surveillance systems monitor were the most recent numbers available from the Department of Labor, and that the VE provided substantial evidence that a significant number of systems surveillance monitors jobs existed in the national economy as of

11

> the ALJ hearing date, which is all that was required under the regulations.

(Doc. 18 at 23) (emphasis added).

While it may "appear" reasonable to assume—as the Commissioner urges—that the VE's numbers were the most current, the Court would again have to speculate to arrive at that conclusion based on the record before it. This the Court cannot do. An ALJ's finding that a claimant can perform jobs that exist in significant numbers in the national economy must be supported by substantial evidence, not mere intuition or conjecture. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir.1989)). In this case, it is not.

For the reasons above, the Court has no other choice but to conclude that, given the record before it and the arguments made by the parties, substantial evidence does not support the ALJ's finding that the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

### B.

In light of the above finding, the Court need not address the Plaintiff's remaining claims of error. *See Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised); *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (providing the ALJ should review the case on a complete record, including any new

material evidence, following a remand under sentence four); *see also McClurkin v. Social Sec. Admin.*, 625 F. App'x 960, 963 (11th Cir. 2015) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is reversed, and the case remanded for further proceedings before the Commissioner.

2. The Clerk of Court is directed to enter Judgment in the Plaintiff's favor and to close the case.

3. The Court retains jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 27th day of March 2020.

*/s/ Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record